■ In the Matter of ARTHUR J. LAROCCO, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Respondent Comptroller ruled that the injury to petitioner's knee was not the result of an unexpected event and, as such, did not constitute an accident within the meaning of Retirement and Social Security Law § 363 *(see, Matter of McCambridge v McGuire,* 62 NY2d 563, 568; *Matter of Edwards v*

*New York State & Local Employees' Retirement Sys.,* 165 AD2d 972, 973, *lv denied* 77 NY2d 802). Petitioner, a police officer, allegedly injured himself when his chair rolled away as he attempted to sit at his desk. A witness testified that petitioner touched the arm of the chair before it began to roll away. In addition, petitioner testified that even before the incident he felt pain in his knee. This evidence does not support the conclusion that petitioner's injury was the result of a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " *(Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept.,* 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.,* 6 AD2d 97, 100, *affd* 7 NY2d 222), but was the result of petitioner's own misstep *(see, Matter of Chambers v Regan,* 125 AD2d 920, 921). Consequently, the Comptroller's determination denying petitioner's application for accidental disability retirement benefits is supported by substantial evidence and must be upheld *(see, Matter of Finnegan v Regan,* 116 AD2d 878, 879).

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.