■ In the Matter of GWYNNETH CHEERS, Petitioner, v STATE OF NEW YORK et al., Respondents. [673 NYS2d 791] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany

County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

While working as a tax cashier for the City of Middletown in Orange County, petitioner was injured when her desk chair rolled away from her while she was attempting to sit down causing her to fall to the floor. As a result of her injuries, petitioner applied for accidental disability retirement benefits pursuant to Retirement and Social Security Law article 15. Following a hearing, respondent Comptroller denied petitioner's application on the ground, *inter alia*, that her injuries were not the result of an "accident" within the meaning of Retirement and Social Security Law § 605. Petitioner challenges the determination.

We confirm. In order to qualify for accidental disability retirement benefits, a petitioner must demonstrate that his or her injury occurred as the result of a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.*, 6 AD2d 97, 100, *affd* 7 NY2d 222; *see, Matter of Butler v McCall*, 247 AD2d 709, 710; *Matter of Cadiz v McCall*, 236 AD2d 766). Notably, "an injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury" (*Matter of Cadiz v McCall, supra*, at 766; *see, Matter of Butler v McCall, supra*, at 763; *Matter of Talerico v McCall*, 239 AD2d 863, 864).

Petitioner's job duties required her to go to and from her desk to a nearby counter in order to collect payments made by customers. The incident in question occurred when petitioner was returning to her desk after having waited on a customer. She attempted to sit down when her body hit the seat, causing the chair to move. As a result, petitioner fell to the floor. Inasmuch as the foregoing demonstrates that petitioner's injury was not precipitated by an unexpected or extraordinary event (*see, e.g., Matter of Butler v McCall, supra; Matter of Sinopoli v McCall*, 245 AD2d 868), substantial evidence supports the Comptroller's determination denying her application for accidental disability retirement benefits (*see, Matter of Larocco v New York State Comptroller*, 186 AD2d 342). We find no support in the record for petitioner's contention that the chair moved as a result of the worn and slick condition of a plastic mat under the chair. Accordingly, we decline to disturb the Comptroller's determination.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.