■ In the Matter of DONALD P. FIORE, Petitioner, v H. CARL McCALL, as New York State Comptroller, et al., Respondents. [674 NYS2d 856] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

The burden of proof in petitioner's claim for disability retirement benefits was upon petitioner. He was required to establish that he sustained an "accident" and that he was incapacitated from performing his duties as the natural and proximate

result of the accident (*see*, Retirement and Social Security Law § 363). Though "accident" is not defined in the law, court decisions have given it meaning. It has been held to be a sudden, unexpected and fortuitous mischance, unrelated to the ordinary risks of employment (*see*, *Matter of McCambridge v McGuire*, 62 NY2d 563, 567-568). The evidence here indicates that there is substantial evidence to support respondent Comptroller's determination that petitioner did not meet his burden of proof that he suffered an accident within the meaning of the law. By his own testimony, the injury-producing event was due to his catching his foot on a chair leg as he rose off the chair, causing him to fall to the floor. The misstep was properly held not to be an accident.

Petitioner contends that he was not given proper notice that the question of whether the incident causing his injury constituted an accident would be at issue at the hearing for review before the Comptroller. We disagree. The record indicates otherwise. It is obvious that counsel for petitioner and respondents understood that this issue was fundamental to recovery. Although the original determination disproving petitioner's application was based on a finding that petitioner was not permanently disabled for the performance of his duties, petitioner on his hearing before the Comptroller was required to prove all the requirements of Retirement and Social Security Law § 363 in order to establish his claim to the benefits which it provides.

Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.