■ In the Matter of AARON H. ROSENTHAL, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY POLICE PENSION FUND, ARTICLE II, et al., Appellants. [675 NYS2d 350] —Order, Supreme Court, New York County (Charles Ramos, J.), entered October 31, 1995, directing respondents to conduct an administrative hearing concerning the cause of petitioner's disability, unanimously reversed, on the law, without costs or disbursements, and the petition dismissed.

While on duty, petitioner, an Assistant Chief in the Police Department, entered the Municipal Building with another officer, and tripped on a step in front of the revolving door, injuring himself. The lights over the revolving door were not working and the passage to the door was partially obstructed by bottled water and construction material. The respondent Board of Trustees found that petitioner had not sustained an "accident" and retired him on ordinary disability. The IAS Court directed respondent to hold a hearing as to the cause of petitioner's disability.

The Court of Appeals has defined "accident", as used in Administrative Code of the City of New York § 13-252, by adopting the definition of a: " 'sudden, fortuitous mischance,

unexpected, out of the ordinary, and injurious in impact' (*Johnson Corp. v Indemnity Ins. Co. of North Amer.*, 6 AD2d 97, 100, affd 7 NY2d 222)." (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012.)

The Court of Appeals has recently held that a police officer's falling down stairs as a result of his own misstep was "not so out-of-the-ordinary or unexpected as to constitute an accidental injury as a matter of law" (*Matter of Starnella v Bratton*, 92 NY2d 836, 839). The instant matter would appear to fall within the parameters of the *Starnella* decision and must therefore be reversed. Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.