■ In the Matter of ROBERT HESS, Appellant, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, Respondent. [680 NYS2d 791] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about January 7, 1997, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination denying his application for an accident disability pension, and dismissed the petition, unanimously affirmed, without costs.

Where, as here, the decision to deny accident disability retirement benefits is reached in consequence of a tie vote by respondent Board of Trustees, that determination is subject to judicial annulment only if the retiree is entitled to greater benefits as a matter of law (*Matter of Canfora v Board of Trustees of Police Pension Fund*, 60 NY2d 347, 352). Petitioner, a member of the New York Police Department Harbor Unit, sustained shoulder injuries in November 1991 when he tripped on a raised portion of concrete while carrying his scuba equipment and again in November 1992 when he slipped and fell off a wet ladder while descending into a launch. Given the nature of petitioner's occupational duties as a member of the Harbor Unit, we cannot characterize these occurrences, as a matter of law, as unexpected or out-of-the-ordinary so as to qualify them as accidents for disability retirement purposes (*see, Matter of Stranella v Bratton*, 92 NY2d 836; *and see, Matter of Rosenthal v Board of Trustees of N. Y. City Police Pension Fund*, 252 AD2d 388). Concur—Milonas, J. P., Rosenberger, Williams, Tom and Saxe, JJ.