■ In the Matter of SHERON RUSSELL, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY POLICE PENSION FUND, ARTICLE II, et al., Respondents. [732 NYS2d 13] —Order and judgment (one paper), Supreme Court, New York County (Richard Lowe, III, J.), entered August 2, 2000, which denied petitioner's application pursuant to CPLR article 78 to annul respondents' determination denying her application for an accident disability pension, and dismissed the petition, unanimously affirmed, without costs.

Petitioner, a police detective, was injured when her wheeled swivel chair, which she was rolling backward to plug in the cord for an electric typewriter, was stopped by a wire on the

floor, causing petitioner and the chair to topple over. Such an occurrence is not so out of the ordinary or unexpected as to constitute an accident as a matter of law (*see, Matter of Starnella v Bratton*, 92 NY2d 836, 839; *Matter of Hess v Board of Trustees*, 255 AD2d 163; *Matter of Rosenthal v Board of Trustees*, 252 AD2d 388, *lv denied* 93 NY2d 801). Accordingly, the denial of accidental benefits having been the result of a tie vote, the proceeding was properly dismissed (*see, Matter of Hess v Board of Trustees, supra*). No basis exists for disturbing respondent's determination that petitioner had not proved her claim that her injury was caused by the failure of the chair's backrest due to a loose screw. Concur—Nardelli, J. P., Williams, Ellerin, Friedman and Marlow, JJ.