■ In the Matter of LUCIANO MEJIA, Respondent, v BERNARD B. KERIK, as Police Commissioner of the City of New York and as Chair of the Police Pension Fund, Article II, et al., Appellants. [753 NYS2d 77] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered May 3, 2001, which granted petitioner's application pursuant to CPLR article 78 to annul respondents' determination denying his application for an accident disability pension to the extent of annulling such determination and remanding the matter to respondents for further proceedings, unanimously reversed, on the law, without costs, the petition denied, and the proceeding dismissed.

Where, as here, the decision to deny accident disability benefits to a retired police officer is the result of a tie vote by respondent Board of Trustees of the Police Pension Fund, the determination is subject to judicial annulment only if it can be determined on the record that the retiree is entitled to greater benefits as a matter of law (*see Matter of Meyer v Board of Trustees*, 90 NY2d 139, 145; *Matter of Canfora v Board of Trustees*, 60 NY2d 347, 352). In this case, the incident from which petitioner's injury resulted, namely, his receiving a kick in the leg while playing in a Youth Police Academy basketball game as part of his assigned duties, was not so unexpected or out of the ordinary as to constitute an accident as a matter of law (*see Matter of Starnella v Bratton*, 92 NY2d 836, 839; *Matter of Russell v Board of Trustees*, 288 AD2d 19, 20, *lv denied* 97 NY2d 608; *Matter of Hess v Board of Trustees*, 255 AD2d 163, 163; *Matter of Rosenthal v Board of Trustees*, 252 AD2d 388, 389, *lv denied* 93 NY2d 801). Accordingly, the order granting the petition must be reversed. Concur—Tom, J.P., Rosenberger, Friedman and Gonzalez, JJ.