■ In the Matter of JOAN GAMMAN, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York and as Chair of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [784 NYS2d 44]—

Order, Supreme Court, New York County (Debra A. James, J.), entered March 4, 2003, which denied petitioner police officer's application to annul respondent Board of Trustees' determination, by virtue of a tie vote, denying petitioner an accidental disability pension, and dismissed the petition, unanimously affirmed, without costs.

The record contains credible evidence (*see Matter of Meyer v Board of Trustees*, 90 NY2d 139, 144-145, 147-148 [1997]) that petitioner's disabling knee injury was not caused by an accident within the meaning of Administrative Code of the City of New York § 13-252. The contemporaneously prepared line-of-duty injury report contains petitioner's statement that as she moved her chair away from her desk, it "slid backwards out from under me," causing her to fall, and her supervisor's statement adding that there were no visible hazards in the office. Such a fall is analogous to a fall down stairs as a result of "one's own misstep," i.e., "not so out-of-the-ordinary or unexpected as to constitute an accidental injury as a matter of law" (*Matter of Starnella v Bratton*, 92 NY2d 836, 839 [1998]; *cf. Matter of Russell v Board of Trustees*, 288 AD2d 19 [2001], *lv denied* 97 NY2d 608 [2002]). No basis exists for finding, as a matter of law, that the chair had a broken back, as evidenced by witness statements and accompanying photographs first prepared more than four years after the occurrence, and submitted to the Board's third session after the matter had been adjourned for a legal opinion from the Corporation Counsel as to whether the occurrence was an accident (*see Matter of Reichfeld v Safir*, 259 AD2d 298 [1999], *lv denied* 93 NY2d 809 [1999]). Concur—Tom, J.P., Sullivan, Lerner, Gonzalez and Catterson, JJ.