■ In the Matter of Dorothy A. Brennan, Petitioner, v New York State and Local Employees Retirement System et al., Respondents. [857 NYS2d 274]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner claims that on August 30, 2002, while working as assistant to the White Plains Commissioner of Public Safety, she was involved in two separate accidents which resulted in injuries that rendered her unable to work. In June 2004, petitioner submitted an application for accidental disability retirement benefits pursuant to Retirement and Social Security Law § 363 alleging that she suffers lower back pain, anxiety and depression as the result of these work-related accidents. In December 2004, petitioner's application was denied on the ground that the incidents were not accidents and, therefore, she did not qualify for accidental disability retirement benefits. Upon petitioner's request for a redetermination, a hearing was held and the Hearing Officer concluded that neither of petitioner's falls was an accident as that term is defined by Retirement and Social Security Law § 363 and denied petitioner's claim for accidental disability retirement benefits. Respondent Comptroller agreed with this determination, prompting petitioner to commence this proceeding.

We confirm. Petitioner bears the burden of proving that her injuries were the result of an accident within the meaning of Retirement and Social Security Law § 363 (*see Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d 1115, 1116 [2008]; *Matter of Sinclair v New York State & Local Retirement Sys.*, 42 AD3d 595, 596 [2007]). As the Comptroller has the exclusive authority to determine all applications for retirement benefits (*see Matter of Morgan v Hevesi*, 46 AD3d 1007, 1007 [2007]), his determination will be upheld if it is supported by substantial evidence (*see Matter of Harko v New York State Comptroller*, 46 AD3d 1185, 1187 [2007]; *Matter of Zuckerberg v New York State Comptroller*, 46 AD3d 1057, 1058 [2007]).

"[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]; *accord Matter of Quigley v Hevesi*, 48 AD3d 1023, 1024 [2008]). Here, petitioner claims that upon leaving a meeting with the White Plains Commissioner of Public Safety, she was walking to her office when she tripped on a cutout in the carpet and fell to

the floor.* As she fell, petitioner struck the door jam of her office door and landed on her knees. She testified that the area in question was near a coffee machine where a portion of the carpet had been removed and replaced with tile or linoleum so that coffee would not drip on the carpet. She admitted that this alteration in the carpet had been present in the area near her office for some time, that she was aware of it and acknowledged crossing it many times prior to her fall. As such, the incident as related by petitioner did not constitute a " 'sudden, fortuitous mischance, unexpected, [and] out of the ordinary' " event which would constitute an accident under applicable laws (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d at 1012, quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]; *see Matter of McCabe v Hevesi*, 38 AD3d 1035, 1036 [2007]; *Matter of Wise v New York State Comptroller*, 38 AD3d 1032, 1033 [2007], *lv denied* 9 NY3d 811 [2007]), and the Comptroller's determination denying disability retirement benefits is supported by substantial evidence presented at the hearing (*see Matter of Zuckerberg v New York State Comptroller*, 46 AD3d at 1058; *Matter of McCabe v Hevesi*, 38 AD3d at 1036; *Matter of Hamilton v Hevesi*, 28 AD3d 965, 965-966 [2006]).

Petitioner also alleges that after her initial fall, she was helped to her feet and guided to a chair that was located immediately behind a desk in her office. While she sat in the chair, according to petitioner, it suddenly moved out from under her causing her once again to fall to the floor. Before coming to rest, the chair struck petitioner in the back causing her additional injury. Petitioner not only failed to submit any evidence that the chair was defective, but she offers no explanation as to what may have caused it to suddenly move out from under her forcing her to the floor. She admits that she did not lose consciousness or feel faint prior to this fall and denied having leaned forward and then slipping from the chair. A witness to the event testified that petitioner never sat down in the chair prior to her fall, and that, in her view, the entire incident "seemed to be a dramatic gesture." This testimony was corroborated by a statement of an additional witness who said that, prior to the fall, petitioner bent forward on her desk then suddenly slipped to the floor. Deferring to the Comptroller's evaluation of this evidence and his determination regarding the credibility of witnesses who testified at the hearing (*see Matter of McCabe v*

---

* Petitioner, a 28-year employee of the Department of Public Safety, had been informed at this meeting that her employment was being terminated.

*Hevesi*, 38 AD3d at 1036), we find that substantial evidence supports the determination that petitioner's fall from her chair was not an accident (*see Matter of Zuckerberg v New York State Comptroller*, 46 AD3d at 1058; *Matter of Hamilton v Hevesi*, 28 AD3d at 965-966).

Similarly unavailing is petitioner's claim that she was denied due process because respondents appointed and compensated the Hearing Officer who presided at the hearing and, as a result of this relationship, he was biased in the Comptroller's favor. Having failed to raise an objection at the hearing to the Hearing Officer's appointment, petitioner's argument is not preserved (*see Matter of Feliciano v Selsky*, 263 AD2d 810, 811 [1999]; *Matter of Lyde v Senkowski*, 262 AD2d 908, 909 [1999]; *Matter of Cruz v Amico*, 186 AD2d 841, 841 [1992]). In any event, petitioner fails to support this claim with any competent evidence that would, if believed, establish the existence of such a bias on behalf of the officer (*see Matter of Helmer v New York State & Local Employees' Retirement Sys.*, 305 AD2d 949, 950 [2003]; *see also Matter of Compasso v Sheriff of Sullivan County*, 29 AD3d 1064, 1064-1065 [2006]; *Matter of Boatwright v Mc-Ginnis*, 24 AD3d 1136, 1137 [2005]).

Peters, J.P., Carpinello, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.