■ In the Matter of ROBERT A. DILELLO, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [921 NYS2d 709]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, applied for accidental disability retirement benefits alleging that he sustained a disabling injury to his left knee in June 2007 as the result of a fall that occurred while performing administrative duties at his precinct. That application was denied upon the ground that the incident alleged did not constitute an accident within the meaning of Retirement and Social Security Law § 363. At the conclusion of the hearing and redetermination that followed, the Hearing Officer reached the same conclusion. Respondent thereafter upheld the denial of petitioner's application, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination.

We confirm. Petitioner bore the burden of establishing that his injuries were accidental, and respondent's determination on this point will be upheld if supported by substantial evidence in the record as a whole (*see Matter of Herlihy v DiNapoli*, 75 AD3d 892, 893 [2010]; *Matter of Grutzner v Murray*, 68 AD3d 1231, 1232 [2009]). To that end, an incident will not constitute an accident where the underlying injuries "result[ ] from an expected or foreseeable event arising during the performance of routine employment duties" (*Matter of Campbell v DiNapoli*, 56 AD3d 940, 941 [2008] [internal quotation marks and citation omitted]; *see Matter of Cirrone v DiNapoli*, 80 AD3d 1069, 1070 [2011]) or where they arise from the injured employee's own misstep or inattention (*see Matter of Magliato v DiNapoli*, 78 AD3d 1457, 1458 [2010]; *Matter of Piccinini v DiNapoli*, 68 AD3d 1212 [2009]).

On the morning of the incident, petitioner was performing administrative duties at his precinct. As petitioner attempted to rise from his rolling chair to retrieve a file, the butt of his weapon caught on the chair's armrest. When petitioner tried to dislodge himself, his feet became entangled in the wheels on the chair, causing him to lose his balance and fall. Although petitioner attempted to portray the chair as defective, the Hearing Officer discredited such testimony, noting that neither the contemporaneous incident report nor petitioner's application for accidental disability retirement benefits made any mention of the alleged defect. The evaluation of such testimony, together

with any inconsistencies existing between it and the written documentation, presented credibility issues for the Hearing Officer and respondent to resolve (*see Matter of Confreda v New York State Comptroller*, 56 AD3d 938, 940 [2008], *lv denied* 12 NY3d 708 [2009]; *Matter of Pappalardo v Hevesi*, 34 AD3d 1021, 1022 [2006]). Upon our review of the record, we find substantial evidence to support respondent's determination (*see Matter of Dalton v Kelly*, 16 AD3d 200, 201 [2005], *lv denied* 10 NY3d 705 [2008]; *Matter of Gamman v Kelly*, 11 AD3d 389 [2004]; *Matter of O'Keefe v McCall*, 287 AD2d 921, 922 [2001]; *Matter of Cheers v State of New York*, 251 AD2d 735, 736 [1998]; *cf. Matter of Russell v Board of Trustees of N.Y. City Police Pension Fund, Art. II*, 288 AD2d 19, 19-20 [2001], *lv denied* 97 NY2d 608 [2002]).

Mercure, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.