◼ In the Matter of JAMES K. CLARKE, Petitioner, v KEVIN F. MURRAY, as Deputy State Comptroller, Respondent. [926 NYS2d 717]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner applied for accidental disability retirement benefits alleging that he sustained disabling injuries as the result of an accident that occurred while he was performing his duties as a police detective. The application was initially denied. Following a hearing, the Hearing Officer determined that the incident did not constitute an accident and denied petitioner's application. The Comptroller affirmed, prompting this proceeding pursuant to CPLR article 78.

Petitioner bore the burden of establishing that his injuries were the result of an accident, and the Comptroller's determination in this regard will be upheld provided that it is supported by substantial evidence (*see Matter of Dilello v DiNapoli*, 83 AD3d 1361, 1362 [2011]; *Matter of O'Brien v New York State Comptroller*, 56 AD3d 937, 938 [2008], *lv denied* 12 NY3d 708 [2009]). An accident for purposes of the Retirement and Social Security Law is "a sudden, unexpected and fortuitous mischance, unrelated to the ordinary risks of employment" (*Matter of Fiore v McCall*, 251 AD2d 940, 941 [1998]; *see Matter of O'Brien v New York State Comptroller*, 56 AD3d at 938).

Petitioner testified that he was performing case review work at his desk and, upon standing up to retrieve a file from an adjacent shelf, his chair, which was designed to swivel and roll, turned without his knowledge. When he went to sit back down, petitioner inadvertently sat on the arm of the chair, causing the chair to spin and he fell to the floor. Petitioner testified that he had not looked before he began to sit. Petitioner did not offer any evidence that the chair was defective or that any unexpected or extraordinary event caused it to move. Accordingly, the Comptroller's determination that the incident does not constitute an accident is supported by substantial evidence (*see Matter of Dilello v DiNapoli*, 83 AD3d at 1362-1363; *Matter of O'Brien v New York State Comptroller*, 56 AD3d at 938; *Matter of Cheers v State of New York*, 251 AD2d 735, 736 [1998]).

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.