In the Matter of MICHELE M. MEYER, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [938 NYS2d 386]—

Garry, J.

Petitioner, a police officer, applied for accidental disability retirement benefits alleging that she was injured in three workplace accidents. Petitioner's application was initially denied and she sought a hearing and redetermination. Following the hearing, the Hearing Officer denied the application, finding that none of the three incidents constituted accidents within the meaning of the Retirement and Social Security Law. Respondent Comptroller accepted the determination of the Hearing Officer, and petitioner commenced this proceeding pursuant to CPLR article 78.

Petitioner challenges the Comptroller's determination with regard to only two of the three claimed incidents. Pursuant to the Retirement and Social Security Law, an accident is a sudden, fortuitous mischance that is unexpected and not within the "ordinary risks of employment" (*Matter of Clarke v Murray*, 85 AD3d 1536, 1537 [2011] [internal quotation marks and citation omitted]; *see Matter of Lucian v McCall*, 7 AD3d 905, 906 [2004]). An injury occurring as the result of the petitioner's own misstep or inattention does not constitute an accident so as to qualify for benefits in accord with the provisions of this law

(*see Matter of Dilello v DiNapoli*, 83 AD3d 1361, 1362 [2011], *lv denied* 17 NY3d 717 [2011]). As to the incident of October 12, 2006, petitioner testified that she was injured when she tripped over a bunched up portion of an area rug located in police headquarters. She failed to establish that the condition of this rug was not readily observable or that this incident was caused by anything other than her own lack of attention or misstep (*see Matter of Brennan v New York State & Local Empls. Retirement Sys.*, 50 AD3d 1374, 1376 [2008]; *Matter of Lucian v McCall*, 7 AD3d at 906). Accordingly, we find that the Comptroller's determination relative to this incident is supported by substantial evidence, and we will not disturb it.

As to the incident of March 1, 2006, petitioner testified that while she was sitting in a wheeled office chair, the chair slipped out from beneath her when she turned to her left to reach for something in a file cabinet located behind her. Immediately after she fell, her coworkers discovered that the wheel of the chair was bent and defective, and the chair was thereafter sent for repair. The Hearing Officer made no findings relative to this uncontroverted testimony, which was sufficient to establish that the incident resulted from the defective condition of the chair, rather than petitioner's misstep (*see Matter of Balduzzi v McCall*, 220 AD2d 796, 797 [1995]; *compare Matter of Clarke v Murray*, 85 AD3d at 1537; *Matter of Dilello v DiNapoli*, 83 AD3d at 1362). While respondents urge that we view the lack of any finding regarding this defect as an implicit adverse credibility determination, we are limited in our review to the grounds set forth in the determination, and may not substitute our own findings (*see Matter of Mazzotte v DiNapoli*, 70 AD3d 1233, 1234 [2010]). Accordingly, we do not find the determination as to this incident supported by substantial evidence.

Lahtinen, J.P., Spain, Stein and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as determined that the incident of March 1, 2006 did not constitute an accident within the meaning of the Retirement and Social Security Law; petition granted to that extent and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.