Matter of Parry v New York State Comptroller (2020 NY Slip Op 05562)





Matter of Parry v New York State Comptroller


2020 NY Slip Op 05562


Decided on October 8, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 8, 2020

531233

[*1]In the Matter of Stephen Parry, Petitioner,
v
New York State Comptroller et al., Respondents.

Calendar Date: September 15, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ. 


Edelstein & Grossman, New York City (Jonathan I. Edelstein of counsel), for petitioner.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondents.



Colangelo, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
While en route to retrieve certain paperwork from a vehicle, petitioner, a police officer, tripped over a small sewer or drain cover "about the size of a frisbee" in the parking lot of his precinct and sustained injuries to his left shoulder. Petitioner's subsequent application for accidental disability retirement benefits was denied upon the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing and redetermination, a Hearing Officer upheld the denial, finding, among other things, that the incident occurred in the context of petitioner's ordinary employment duties and the resulting injury was the product of a risk inherent in the performance of such duties. Respondent Comptroller adopted the Hearing Officer's findings of fact and conclusions of law, and petitioner thereafter commenced this CPLR article 78 proceeding to challenge the Comptroller's determination.
As the applicant, petitioner bore the burden of establishing that his disability was the result of an accident within the meaning of the Retirement and Social Security Law, and the Comptroller's determination on that point will be upheld if supported by substantial evidence in the record as a whole (see Matter of Lewis v New York State Comptroller, 176 AD3d 1545, 1546 [2019]; Matter of Selke v New York State Comptroller, 176 AD3d 1295, 1295-1296 [2019]; Matter of Loia v DiNapoli, 164 AD3d 1513, 1514 [2018]). An accident, in turn, has been defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omitted]; accord Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]). In determining whether an accident has occurred, "the focus of the determination must be on the precipitating cause of the injury, rather than on the petitioner's job assignment" (Matter of Kelly v DiNapoli, 30 NY3d at 682 [internal quotation marks, brackets and citation omitted]; accord Matter of Angelino v New York State Comptroller, 176 AD3d 1376, 1378 [2019]). That said, "'an injury that occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury'" (Matter of Bell v DiNapoli, 168 AD3d 1206, 1207 [2019], quoting Matter of Kelly v DiNapoli, 30 NY3d at 681 [brackets omitted]; see Matter of Creegan v DiNapoli, 172 AD3d 1856, 1857 [2019], lv denied 34 NY3d 902 [2019]; Matter of Loia v DiNapoli, 164 AD3d at 1514).
Petitioner testified that, at approximately 2:00 a.m. on the morning in question, he and a fellow police officer exited the rear of the precinct and began walking to the parking lot in order to retrieve paperwork from one or more of the vehicles in the lot. As petitioner and the officer passed between two parked cars, petitioner's foot caught on what later was determined to be a drain cover, causing him to lunge forward and strike his shoulder on a vehicle. Both petitioner and the officer testified that it was "pretty dark" at the time of the incident, and they characterized the lighting in the parking lot as "poor." Although petitioner and the officer each had a flashlight on their respective utility belts, neither of them used a flashlight as they traversed the parking lot, the condition of which was variously described as "not great" and "not in the best shape." To that end, petitioner and the officer testified that the pavement in the parking lot was cracked and uneven and contained various divots and potholes. Although petitioner testified that he had not noticed the offending drain cover prior to tripping over it, he acknowledged that he had exited the rear of the precinct and walked through the parking lot on numerous occasions, and he was aware that there were similar drain covers located in other areas of the lot.
There is no dispute that petitioner was engaged in the performance of his ordinary employment duties at the time of the incident, and substantial evidence supports the Comptroller's finding that the risk encountered by petitioner — traversing a poorly-lit, uneven parking lot in the middle of the night and without the aid of an available flashlight — was "a risk inherent in such job duties" and, therefore, petitioner's resulting injury was not accidental (Matter of Creegan v DiNapoli, 172 AD3d at 1857; see Matter of Bell v DiNapoli, 168 AD3d at 1208). To the extent that the Hearing Officer further found that the hazard in question could have been reasonably anticipated (see e.g. Matter of Stancarone v DiNapoli, 161 AD3d 144, 148-149 [2018]) and that petitioner's injury resulted from his own misstep (see e.g. Matter of Cavallo v DiNapoli, 167 AD3d 1303, 1304-1305 [2018]), substantial evidence supports the Comptroller's adoption of those findings as well. Accordingly, the Comptroller's determination is confirmed.
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.