Matter of Traverso v DiNapoli (2021 NY Slip Op 04075)





Matter of Traverso v DiNapoli


2021 NY Slip Op 04075


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

531789
[*1]In the Matter of Manuel Traverso Jr., Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, et al., Respondents.

Calendar Date:May 26, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, Brentwood (Paul N. Macerino of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondents.



Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner was employed by the State Police for 26 years, initially as a trooper and later as an investigator. During the time that he was an investigator, he worked as an undercover narcotics detective, both domestically and abroad. He spent much of his time in Columbia working with informants in an effort to infiltrate drug cartels and curtail the supply of drugs coming into the United States. This work entailed interacting with dangerous individuals and exposed petitioner to a number of traumatic events, including losing informants who were killed and having to identify their bodies. On November 15, 2015, after petitioner returned from a mission, he had a panic attack while in his office. He was hospitalized and referred to an intensive therapy program. He was diagnosed with posttraumatic stress disorder, manic depression and anxiety, and he was deemed unable to return to work. Petitioner filed an application for accidental disability retirement benefits based on his diagnosis, which he claimed was a result of his work with the drug cartels. Respondent New York State and Local Retirement System denied the application on the ground, among others, that the incident that allegedly occurred on an unspecified date was not an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing, a Hearing Officer reached the same conclusion and upheld the denial. Respondent Comptroller adopted the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.
We confirm. Initially, the burden is on the party seeking accidental disability retirement benefits to demonstrate that his or her disability arose from an accident within the meaning of the Retirement and Social Security Law, and the Comptroller's determination in this regard will be upheld if supported by substantial evidence (see Matter of Parry v New York State Comptroller, 187 AD3d 1303, 1304 [2020]; Matter of Selke v New York State Comptroller, 176 AD3d 1295, 1295-1296 [2019]). "For purposes of the Retirement and Social Security Law, an accident has been defined as a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (Matter of Lewis v New York State Comptroller, 176 AD3d 1545, 1546 [2019], quoting Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art II, 57 NY2d 1010, 1012 [1982]; see Matter of Angelino v New York State Comptroller, 176 AD3d 1376, 1378 [2019]). Significantly, in order for an injury to be considered accidental, it "must not have been the result of activities undertaken in the ordinary course of one's job duties but, rather, must be due to a precipitating accidental event which is not a risk [*2]of the work performed" (Matter of Lewis v New York State Comptroller, 176 AD3d at 1546 [internal quotation marks and citations omitted]; see Matter of Buckshaw v DiNapoli, 169 AD3d 1139, 1140 [2019], lv denied 33 NY3d 904 [2019]).
Here, petitioner's mental injuries were a direct result of the stress that he was under while working undercover and interacting with informants and members of dangerous drug cartels. This dangerous undercover work was part and parcel of his regular duties as a narcotics investigator and was specifically set forth in petitioner's job description. Inasmuch as the stress that produced petitioner's mental injuries was an inherent part of his job and was not unexpected, substantial evidence supports the finding that his injuries were not the result of an accident (see Matter of Kowal v DiNapoli, 145 AD3d 1152, 1153-1154 [2016], affd 30 NY3d 1124 [2018]; Matter of Beckley v Nitido, 123 AD3d 1330, 1331 [2014]; Matter of Malenda v Regan, 134 AD2d 808, 809 [1987]). Unlike those cases involving emergency workers who sustained mental injuries after responding to the World Trade Center bombing on 9/11, there is no statutory presumption that applies to the situation at hand (compare Matter of Carroll v DiNapoli, 95 AD3d 1498, 1499-1500 [2012]). In view of the foregoing, we decline to disturb the determination denying petitioner's application.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.