Matter of O'Brien v DiNapoli (2021 NY Slip Op 04408)





Matter of O'Brien v DiNapoli


2021 NY Slip Op 04408


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

532353
[*1]In the Matter of Peter O'Brien, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:May 26, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Schaefer Law Group, PC, Smithtown (Wayne J. Schaefer of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a Suffolk County police officer for 20 years, was injured while guarding an arrestee awaiting surgery at the hospital in August 2014. The injury occurred while petitioner was putting on hospital scrubs in order to accompany the arrestee into the operating room, exacerbating a left shoulder condition. Petitioner's subsequent application for accidental disability retirement benefits was denied upon the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing and redetermination, a Hearing Officer upheld the denial, finding, among other things, that the incident occurred in the context of petitioner's ordinary employment duties and the resulting injury was the product of a risk inherent in the performance of such duties.[FN1] Respondent adopted the Hearing Officer's findings of fact and conclusions of law, and petitioner thereafter commenced this CPLR article 78 proceeding to challenge that determination.
We confirm. As the applicant, it was petitioner's burden to establish that his disability was the result of an accident within the meaning of the Retirement and Social Security Law, and respondent's determination on that point will be upheld if supported by substantial evidence (see Matter of Parry v New York State Comptroller, 187 AD3d 1303, 1304 [2020]; Matter of Lewis v New York State Comptroller, 176 AD3d 1545, 1546 [2019]). An accident is "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018] [internal quotation marks and citations omitted]; accord Matter of Parry v New York State Comptroller, 187 AD3d at 1304). Thus, "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (Matter of Kelly v DiNapoli, 30 NY3d at 681 [internal quotation marks and citation omitted]; accord Matter of Parry v New York State Comptroller, 187 AD3d at 1304; Matter of Bell v DiNapoli, 168 AD3d 1206, 1207 [2019]). The determination of whether an accident has occurred focuses on "the precipitating cause of the injury, rather than on the petitioner's job assignment" (Matter of Kelly v DiNapoli, 30 NY3d at 682 [internal quotation marks and citation omitted]).
Petitioner testified that he was initially called in to guard the arrestee in the emergency room and, when the arrestee was taken into surgery, a nurse relayed that the surgeons had requested his presence in the operating room and provided scrubs for him to put on over his uniform. He recounted that, while hurrying to [*2]pull the scrub bootie over one of his boots, the bootie ripped and his left arm "flew back," causing injury to the collarbone area of his left shoulder. Petitioner acknowledged that it was standard procedure for police officers to guard prisoners during medical examinations and testing procedures. Contrary to petitioner's claim, the Hearing Officer took note of petitioner's differing description of the incident provided in the contemporaneous incident report, in which he reported feeling the onset of pain while putting on scrub pants. Given the foregoing, the Hearing Officer and respondent rationally concluded that, under either description of the incident,[FN2] at the time of his injury, petitioner was acting within the scope of his ordinary job duties as a police officer, namely, guarding prisoners undergoing medical treatment, and that there was no sudden, unexpected event that was not an inherent risk thereof (see Matter of Kelly v DiNapoli, 30 NY3d at 681; Matter of Parry v New York State Comptroller, 187 AD3d at 1305). As respondent's determination that petitioner did not meet his burden of proving that his injuries resulted from an accident was supported by substantial evidence in the record, it will not be disturbed (see Matter of Parry v New York State Comptroller, 187 AD3d at 1305; Matter of Gilden v DiNapoli, 183 AD3d 1100, 1102-1103 [2020]; Matter of Lewis v New York State Comptroller, 176 AD3d at 1546; Matter of Buckshaw v DiNapoli, 169 AD3d 1139, 1141 [2019], lv denied 33 NY3d 904 [2019]). We have examined petitioner's remaining contentions and determined that they lack merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Petitioner retired in December 2018 and received performance of duty disability retirement benefits.

Footnote 2: Although the Hearing Officer did not make an express credibility finding regarding petitioner's inconsistent descriptions of the incident provided in his incident report and testimony, it appears that petitioner's earlier description was credited and found to be more reliable over his later testimonial account. The discrepancy between petitioner's descriptions created a credibility issue for the Hearing Officer and, ultimately, respondent to resolve (see Matter of Piatti v DiNapoli, 187 AD3d 1274, 1276 [2020]; Matter of Buckshaw v DiNapoli, 169 AD3d 1139, 1141 [2019], lv denied 33 NY3d 904 [2019]). In any event, neither description constituted an accident.