Matter of Sammon v DiNapoli (2023 NY Slip Op 02726)

Matter of Sammon v DiNapoli

2023 NY Slip Op 02726

Decided on May 18, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 18, 2023

534966
[*1]In the Matter of Timothy Sammon, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:March 30, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Roth Law Group PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.

Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
In 2016, petitioner, a state trooper, filed an application for accidental disability retirement benefits alleging that he was permanently disabled due to, among other things, posttraumatic stress disorder resulting from a 2005 incident wherein petitioner shot a suspect who was driving a car at a high rate of speed toward petitioner. The New York State and Local Police and Fire Retirement System denied petitioner's application finding that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363-bb. Following a hearing for redetermination, the Hearing Officer denied the application, finding, among other things, that the incident involved risks of the work performed as a state trooper. Respondent accepted the findings of fact and conclusions of law of the Hearing Officer and denied petitioner's application for accidental disability retirement benefits. This CPLR article 78 proceeding ensued.
"As the applicant, petitioner bore the burden of establishing that his disability was the result of an accident within the meaning of the Retirement and Social Security Law, and respondent's determination on that point will be upheld if supported by substantial evidence in the record as a whole" (Matter of McGoey v DiNapoli, 194 AD3d 1296, 1297 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Matter of Valente v New York State Comptroller, 205 AD3d 1295, 1295 [3d Dept 2022]). The Court of Appeals has explained that "an injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed" (Matter of Kelly v DiNapoli, 30 NY3d 674, 682 [2018]). Stated otherwise, where the injury-causing event constitutes a risk inherent in a police officer's duties, it is not unexpected and, thus, not an accident (see id. at 683-685; Matter of Kowal v DiNapoli, 145 AD3d 1152, 1153 [3d Dept 2016], affd 30 NY3d 1124 [2018]).
Petitioner testified that, on the day of the incident, he was on routine patrol and, upon attempting to initiate a traffic stop of a vehicle that he observed traveling at a high rate of speed, a pursuit ensued. Petitioner notified dispatch of the situation. When the suspect turned into an alleyway and could go no further because of a fence, petitioner's partner exited the vehicle. The suspect then drove his vehicle in reverse, striking the police vehicle. The suspect thereafter maneuvered his vehicle back to the street. Petitioner then heard gunshots, but was unaware at that time whether the gunshots were coming from his partner or other police officers at the scene. Petitioner exited his vehicle, which was partially in the street, at which point the suspect drove toward petitioner at a high rate of speed. Petitioner [*2]fired two gunshots at the suspect's windshield then jumped out of the way to avoid being hit. The suspect's vehicle crashed into a pole a short distance away, overturning on its side, and the suspect subsequently died, apparently as a result of the gunshots fired by petitioner. After the incident, petitioner took two days off from work and returned to full-time duty until he stopped working in March 2016.
Petitioner testified that, in addition to biannual firearms training, he was trained in conducting vehicle stops, engaging in vehicle pursuits, dealing with noncompliant and aggressive individuals, arresting and detaining individuals and making decisions in an emergency situation. Although petitioner testified that he was not specifically trained for the situation of a vehicle being driven at him at a high rate of speed, he acknowledged that pursuits could become unpredictable and violent, and that part of his duties included using deadly force upon an individual when necessary to protect against the imminent threat to life and property. In view of the foregoing, substantial evidence supports respondent's determination that petitioner's use of deadly force to protect himself from imminent danger, although not typical, and certainly a traumatic experience, was inherent in his duties and training. Under the "inherent risk" principles enunciated by the Court of Appeals in Kelly and applied in Kowal, respondent's determination that the incident at issue did not constitute an accident within the meaning of Retirement and Social Security Law § 363-bb will not be disturbed (see Matter of Kelly v DiNapoli, 30 NY3d at 684-685; Matter of Traverso v DiNapoli, 195 AD3d 1363, 1364 [3d Dept 2021]; Matter of Kowal v DiNapoli, 145 AD3d at 1154-1155).
Garry, P.J., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.