■ In the Matter of GINA FLOOD COHEN, as Surviving Spouse and Lawfully Designated Beneficiary of STUART COHEN, Deceased, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [913 NYS2d 348]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied an application for accidental disability retirement benefits.

In November 2006, law enforcement personnel in Westchester County received information indicating that a house in the Village of Hartsdale was being used for the processing and packaging of heroin. Stuart Cohen (hereinafter decedent), acting in his capacity as a senior investigator for the Westchester County District Attorney's Office, participated in three subsequent searches of the home. Immediately after leaving the house fol-

---

lowing the final search, decedent began experiencing headaches and feeling pain in his stomach. His symptoms soon became more severe, leading to his hospitalization. Decedent did not return to work, and he passed away in April 2007.

Approximately two months earlier, petitioner had submitted an application for accidental disability retirement benefits on decedent's behalf, asserting that his deteriorating health condition was the result of his exposure to an unknown substance during each search of the home.* After the application was initially disapproved, petitioner requested a redetermination and a hearing was held. Following the hearing, a Hearing Officer concluded that decedent was acting in the ordinary course of his employment when his symptoms emerged and denied the application. Respondent accepted the Hearing Officer's findings, prompting this CPLR article 78 proceeding.

We confirm. An applicant for accidental disability retirement benefits bears the burden of demonstrating that his or her disability is the result of an accident within the meaning of the Retirement and Social Security Law, and respondent's determination in this regard will be upheld if it is supported by substantial evidence (see Matter of Rolon v DiNapoli, 67 AD3d 1298, 1299 [2009]). To that end, "[a]n accident will not be found when the event precipitating the injury is a risk of the applicant's ordinary employment duties" (Matter of Coon v New York State Comptroller, 30 AD3d 884, 885 [2006], lv denied 7 NY3d 717 [2006]).

Here, the record is clear that decedent's job responsibilities included executing search warrants as well as investigating drug labs and crime scenes. Moreover, while the instant searches led to decedent's contact with dirt, dust, spider webs, rat feces, sheetrock and insulation, his supervisor testified that such exposures occurred routinely during the course of similar operations. A second investigator testified that decedent "always" actively participated in such searches, which might involve tearing down walls, checking under floorboards or seeking out evidence in crawl spaces and attics. Accordingly, as the foregoing supports the conclusion that decedent became ill while performing his normal and expected duties rather than as the result of a "sudden, fortuitous mischance," respondent's determination is supported by substantial evidence and we find no basis upon which to disturb it (see generally Matter of Wheeler v McCall, 233 AD2d 660, 661 [1996], lv denied 89 NY2d 808 [1997]; Mat-

---

* Although the exact cause of decedent's death was never ascertained, his application for performance of duty disability benefits arising from the incident was granted.

ter of Rakowski v New York State & Local Retirement Sys., 215 AD2d 802, 802-803 [1995], lv denied 86 NY2d 706 [1995]; Matter of Di Benedetto v Regan, 196 AD2d 946, 946 [1993]; Matter of Huether v Regan, 155 AD2d 860, 860-861 [1989], lv denied 75 NY2d 705 [1990]).

Cardona, P.J., Peters, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.