Matter of McGoey v DiNapoli (2021 NY Slip Op 03235)





Matter of McGoey v DiNapoli


2021 NY Slip Op 03235


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

532333
[*1]In the Matter of Bernard McGoey, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:April 28, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Schwab & Gasparini, PLLC, White Plains (James A. Resila of counsel), for petitioner.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.



Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
In 2017, petitioner — a firefighter — filed an application for accidental disability retirement benefits alleging that he was permanently disabled as a result of injuries to his right shoulder that, in turn, were sustained during seven different incidents occurring between 2006 and 2017. The New York State and Local Police and Fire Retirement System denied petitioner's application upon the ground that the incidents did not constitute accidents within the meaning of Retirement and Social Security Law § 363. At the requested hearing and redetermination that followed, petitioner withdrew four of the seven incidents, and the sole issue distilled to whether the incidents occurring in June 2006, January 2009 and March 2010 qualified as accidents. The Hearing Officer denied petitioner's application, finding, among other things, that the cited incidents occurred during the course of petitioner's routine employment duties and were risks inherent in the performance of those duties. Respondent upheld the Hearing Officer's determination, and petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. "As the applicant, petitioner bore the burden of establishing that his disability was the result of an accident within the meaning of the Retirement and Social Security Law, and [respondent's] determination on that point will be upheld if supported by substantial evidence in the record as a whole" (Matter of Parry v New York State Comptroller, 187 AD3d 1303, 1304 [2020] [citations omitted]; see Matter of Harris v New York State & Local Retirement Sys., 191 AD3d 1085, 1085 [2021]; Matter of Piatti v DiNapoli, 187 AD3d 1274, 1275 [2020]). For purposes of the Retirement and Social Security Law, an accident is "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citations omitted]; accord Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]; Matter of Parry v New York State Comptroller, 187 AD3d at 1304). Notably, "[a]n injury that results from the performance of ordinary employment duties and is a risk inherent in such job duties is not considered accidental" (Matter of Harris v New York State & Local Retirement Sys., 191 AD3d at 1085 [internal quotation marks and citations omitted]; see Matter of Parry v New York State Comptroller, 187 AD3d at 1304; Matter of Angelino v New York State Comptroller, 176 AD3d 1376, 1378 [2019]).
With respect to the June 2006 incident, the record reflects that petitioner was engaged in overhauling a structure fire, i.e., looking for hot spots in a charred and smoky room by using a hooked pole to tear down the ceiling [*2]of the structure. As petitioner moved backwards along the path that he initially used to enter the room, he fell over two boxes and sustained injuries to his right shoulder, right arm and neck. Although petitioner testified that the boxes were not there when he first entered the room and that he did not see them prior to his fall, he acknowledged that, although he was focused on the ceiling above him, he was "looking" behind him "with [his] feet" by utilizing "a slide-step motion" as he moved backwards.
Turning to the January 2009 incident, petitioner responded to a residential structure fire in the middle of the night and encountered heavy smoke and fire coming from the front door and side windows of the residence. As petitioner attempted to free two hose lines that had frozen together due to the extreme cold, he was struck on his right shoulder, right arm and neck by a large piece of ice that had dislodged from an awning or overhang located approximately 20 feet above where petitioner was standing. Petitioner acknowledged that, in extreme cold, water can freeze on the exterior of a building and form ice within a matter of minutes, that icicles form on buildings during the winter and that it is not out of the ordinary for icicles to fall off of buildings. Petitioner suggested, however, that the water used to suppress the fire was being sprayed inside of the structure — the implication being that the offending piece of ice did not form on the building's exterior during the course of the firefighting efforts.
The final incident occurred in March 2010 when petitioner slipped or stepped in what he surmised was a depression in the pavement of the alleyway adjacent to the structure fire to which he was responding — causing him to lose his footing and experience discomfort in his right shoulder and right arm. At the time of the incident, multiple hose lines were being used to fight the fire, and petitioner described the positioning of those hose lines as "look[ing] like spaghetti."[FN1] According to petitioner, he was "looking down and watching where [he] was walking," but the smoke in the alleyway reduced visibility, and whatever it was that caused him to lose his footing was "covered with water, debris, and the hose lines."
Petitioner does not dispute, and the record indeed establishes, that petitioner was engaged in the performance of his ordinary firefighting duties during each of the foregoing incidents. It also is well established that encountering smoke, water, tangled hose lines, reduced visibility and debris — as well as the corresponding threat of tripping or falling due to such conditions (see Matter of Buckley v DiNapoli, 166 AD3d 1265, 1267 [2018]; Matter of Sikoryak v DiNapoli, 104 AD3d 1042, 1043 [2013]) — are all risks inherent in the performance of a firefighter's duties (see Matter of Witts v DiNapoli, 137 AD3d 1456, 1457-1458 [2016]; Matter of Lassen v Hevesi, 9 AD3d 780, 781 [2004]). As such, substantial evidence supports [*3]respondent's finding that the June 2006 and March 2010 incidents did not constitute accidents within the meaning of the Retirement and Social Security Law.
We reach a similar conclusion regarding the January 2009 incident. Given petitioner's experience with fighting fires in winter conditions, his admitted awareness regarding the ease with which ice may form on a building's exterior under extremely cold temperatures and the weather conditions existing on the morning of the fire — as evidenced by, among other things, the frozen hose lines that petitioner was attempting to free when he was injured — the hazard encountered by petitioner, i.e., falling ice, "could have been reasonably anticipated" (Matter of Stancarone v DiNapoli, 161 AD3d 144, 148-150 [2018]), notwithstanding petitioner's testimony that smoke obscured his view of the exterior of the residence. Hence, substantial evidence supports respondent's finding that this incident was not an accident (see id. at 148).
In light of the foregoing, respondent's denial of petitioner's application for accidental disability retirement benefits will not be disturbed. Finally, even assuming that petitioner's claim of prejudicial delay relative to the rendering of the Hearing Officer's decision is properly before us, we find such claim to be lacking in merit. Only four months elapsed between the conclusion of the hearing and the Hearing Officer's resulting decision, which is far from inordinate (see Matter of Mruczek v McCall, 299 AD2d 638, 639-640 [2002]), and, in any event, petitioner has failed to demonstrate any prejudice resulting therefrom. Petitioner's remaining arguments, to the extent not expressly addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Petitioner conceded that he did not know what caused him to lose his footing, stating that "it may have been something in the alleyway" or "could have been garbage strewn underneath" the hoses. Absent an explanation for petitioner's mishap, the Hearing Officer reasoned, this incident could not qualify as an accident.