Matter of Rizzo v DiNapoli (2022 NY Slip Op 00095)





Matter of Rizzo v DiNapoli


2022 NY Slip Op 00095


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

532626
[*1]In the Matter of Rosa Rizzo, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, et al., Respondents.

Calendar Date:October 20, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

McIntyre, Donohue, Accardi, Salmonson & Riordan, Bay Shore (Sean Patrick Riordan of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer employed by the Port Authority of New York and New Jersey, was assigned to a toll plaza at the Lincoln Tunnel. After responding to a medical emergency involving a passenger on a bus, petitioner walked to a booth that was used by her and fellow police officers to prepare written reports. As petitioner went through the doorway to the booth, a heavy wind blew and closed the door on her, causing injuries to her right hand and shoulder. Petitioner's subsequent application for accidental disability retirement benefits was initially denied and petitioner requested a hearing and redetermination. Following a hearing, the Hearing Officer upheld the denial upon the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363.[FN1] Respondent Comptroller adopted the Hearing Officer's findings of facts and conclusions of law, prompting petitioner to commence this CPLR article 78 proceeding challenging the Comptroller's determination. We confirm.
Petitioner bore the burden of establishing that her disability was the result of an accident within the meaning of the Retirement and Social Security Law, and the Comptroller's determination in this regard will be upheld if supported by substantial evidence (see Matter of McGoey v DiNapoli, 194 AD3d 1296, 1297 [2021]; Matter of Parry v New York State Comptroller, 187 AD3d 1303, 1304 [2020]). An accident has been defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omitted]; accord Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]). "Stated simply, to establish that injuries were due to an accident in this context, a petitioner must prove that the precipitating event was sudden, unexpected and not a risk of the work ordinarily performed" (Matter of Stancarone v DiNapoli, 161 AD3d 144, 147 [2018] [citation omitted]; see Matter of Kowal v DiNapoli, 30 NY3d 1124, 1125 [2018]; Matter of Buckshaw v DiNapoli, 169 AD3d 1139, 1140 [2019], lv denied 33 NY3d 904 [2019]).
The Comptroller concluded that petitioner did not meet her burden of proving that her injuries resulted from an accident within the meaning of the Retirement and Social Security Law because the risk of the door not closing properly could have reasonably been anticipated. Petitioner initially argues that, by considering whether the hazard could have been "reasonably anticipated," the Comptroller did not comport with the analytical framework advanced by the Court of Appeals in Matter of Kelly v DiNapoli[*2](supra). Petitioner specifically relies on the Court of Appeals' holding therein that a focus on whether the hazard was "readily observable" is inconsistent with its prior case law (Matter of Kelly v DiNapoli, 30 NY3d at 685 n 3). To that end, petitioner argues that this holding prohibits requiring her to demonstrate that the hazard could not have been reasonably anticipated. As we have previously held, however, the controlling standard after Matter of Kelly "remains whether the precipitating event was sudden, unexpected and not a risk of the work ordinarily performed" and, although courts should no longer rely on whether a hazard was readily observable, "when determining whether a precipitating event was unexpected, [the Comptroller] and courts may continue to consider whether the injured person had direct knowledge of the hazard prior to the incident or whether the hazard could have been reasonably anticipated so long as such a factual finding is based upon substantial evidence in the record" (Matter of Stancarone v DiNapoli, 161 AD3d at 149).[FN2]
To that end, petitioner testified that, as she was walking from the bus to the booth to write her report, she observed that it was windy. Indeed, petitioner does not dispute that, on the day of the incident, it was cold and windy and that she was aware of the weather conditions. According to petitioner, the door to the booth weighed between 80 and 100 pounds and she was aware that the door would close on its own, as it did not have a closure arm attached to slow its closure. Petitioner further testified that, when she went to open the door to the booth, she felt resistance due to the wind blowing against it and she only opened the door enough for her to "squeeze" herself in. As petitioner entered the doorway, she felt a gust of wind and, concerned that the door was going to hit her as it closed, she put her right hand out behind her for protection. The wind blew the door shut behind her, slamming her right hand in the doorjamb. In light of the foregoing, substantial evidence supports the Comptroller's determination that petitioner could have reasonably anticipated that the wind would blow the door closed on her and, therefore, the incident did not constitute an accident within the meaning of the Retirement and Social Security Law (see Matter of Grall v DiNapoli, 196 AD3d 962, 965 [2021]; Matter of McGoey v DiNapoli, 194 AD3d at 1299).
Egan Jr., J.P., and Clark, J., concur.
Lynch, J. (dissenting).
We respectfully dissent. The majority reasons that there was no accident because petitioner knew that it was windy outside and "could have reasonably anticipated that the wind would blow the door closed on her" (emphasis added). The Court of Appeals has explained that "an injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed" (Matter of Kelly v DiNapoli, 30 NY3d 674, 682 [2018]). An event would be unexpected when it is not a risk inherent in the [*3]duties of a police officer (see id. at 683-684). The Court further cautioned that requiring a petitioner to demonstrate that a condition was not readily observable in order to establish an accident is not the standard (see id. at 685-686 n 3). Whether a condition is readily observable or should have reasonably been anticipated are conceptually the same principle, for in each instance the idea is that the petitioner should have been aware of the hazard. Both concepts relate to the foreseeability of the accident.
To be consistent then, for a hazard to be reasonably anticipated, and thus nonaccidental, it would also have to be a risk of the work performed (see Matter of Stancarone v DiNapoli, 161 AD3d 144, 152-153 [2018] [Lynch, J., concurring in part and dissenting in part]). That premise is illustrated in both Matter of Knight v McGuire (62 NY2d 563 [1984]) and Matter of Gasparino v Bratton (92 NY2d 836 [1998]), where the Court of Appeals found that accidents had occurred when the petitioner slipped on wet pavement getting into a patrol car (Matter of Knight v McGuire, 62 NY2d at 567), and when the petitioner slipped on water in a bathroom (Matter of Gasparino v Bratton, 92 NY2d at 838-839). In each instance, the slippery nature of the wet surface conditions could have been reasonably anticipated but were not risks of the work performed. Applied here, the fact that petitioner knew it was windy outside does not mean that she had direct knowledge that a wind gust would abruptly close the door on her right hand. Such a hazard was not a risk inherent in her ordinary job duties. Nor, for that matter, was the lack of a proper door-closing mechanism on the heavy steel and glass door. As such, it is our view that respondent Comptroller's determination that the incident did not qualify as an accident is not supported by substantial evidence and should be annulled.
Reynolds Fitzgerald, J., concurs.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Petitioner was awarded performance of duty disability retirement benefits.

Footnote 2: Since Matter of Kelly v DiNapoli (supra) and Matter of Stancarone v DiNapoli (supra), we have continuously applied the standard of whether a hazard could have been reasonably anticipated when assessing if substantial evidence supports the determination that an injured person sustained an accident within the meaning of the Retirement and Social Security Law (see e.g. Matter of Castellano v DiNapoli, 197 AD3d 1478, 1480 [2021]; Matter of Grall v DiNapoli, 196 AD3d 962, 965 [2021]; Matter of Schemmer v DiNapoli, 196 AD3d 958, 960 [2021]; Matter of McGoey v DiNapoli, 194 AD3d at 1299; Matter of Parry v New York State Comptroller, 187 AD3d at 1305).