Matter of Berman v DiNapoli (2022 NY Slip Op 05363)

Matter of Berman v DiNapoli

2022 NY Slip Op 05363

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

534235
[*1]Matter of Elaine Rehfuss Berman, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:September 14, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and McShan, JJ.

Schwab & Gasparini PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.

Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner's deceased spouse (hereinafter decedent) was a firefighter who filed an application for accidental disability retirement benefits in October 2015 alleging that he was permanently disabled as a result of various injuries that he sustained in three incidents that occurred on May 4, 2009, February 16, 2014 and January 19, 2015. The New York State and Local Police and Fire Retirement System denied the application upon the ground that the incidents did not constitute accidents within the meaning of Retirement and Social Security Law § 363, and notice for the 2009 incident was not timely filed pursuant to Retirement and Social Security Law § 363 (c). Following a hearing and redetermination, the Hearing Officer denied decedent's application, finding that the underlying incidents occurred during the course of routine employment duties and were a risk inherent in the performance thereof. Respondent upheld the Hearing Officer's decision, prompting petitioner, as the surviving spouse, to commence this CPLR article 78 proceeding to challenge respondent's determination.
Petitioner's burden was to demonstrate that decedent's disability arose out of an accident, which, for purposes of the Retirement and Social Security Law, is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omitted]; accord Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]; see Matter of Crone v DiNapoli, 201 AD3d 1260, 1261 [3d Dept 2022], lv denied 38 NY3d 910 [2022]). This is a "'commonsense definition'" (Matter of Kelly v DiNapoli, 30 NY3d at 681, quoting Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d at 1012). "Under this standard, petitioner was required to demonstrate that [decedent's] injuries were caused by a precipitating event that was sudden, unexpected and not a risk inherent in his ordinary job duties" (Matter of Crone v DiNapoli, 201 AD3d at 1261 [citations omitted]). An event would be unexpected when it is not a risk inherent in the duties of a firefighter (see Matter of Kelly v DiNapoli, 30 NY3d at 683-684).
Here, the evidence established that decedent's injuries occurred "'without an unexpected event [and] as the result of activity undertaken in the performance of [his] ordinary employment duties'" as a firefighter and, thus, substantial evidence supports respondent's determination that he did not sustain an accidental injury on any of the dates in question (Matter of Valente v New York State Comptroller, 205 AD3d 1295, 1296 [3d [*2]Dept 2022], quoting Matter of Kelly v DiNapoli, 30 NY3d at 681; see Matter of Bohack v DiNapoli, 197 AD3d 1384, 1385 [3d Dept 2021]). With regard to the May 2009 incident, as respondent correctly determined, decedent failed to file written notice thereof until October 2015, well in excess of the 90-day notice requirement (see Retirement and Social Security Law § 363 [c] [a]), and petitioner did not demonstrate that any of the exceptions to that requirement apply (see Retirement and Social Security Law § 363 [c] [b]; Matter of Massi v DiNapoli, 89 AD3d 1361, 1361-1362 [3d Dept 2011]). In any event, petitioner offered no evidence concerning that incident at the hearing, and decedent's report of injury for that incident established that his injuries occurred during a routine firefighter training exercise and not as a result of an unexpected precipitating event (see Matter of Kelly v DiNapoli, 30 NY3d at 678; Matter of Bohack v DiNapoli, 197 AD3d at 1385; Matter of McGoey v DiNapoli, 194 AD3d 1296, 1298-1299 [3d Dept 2021]; Matter of O'Mahony v DiNapoli, 157 AD3d 1107, 1109 [3d Dept 2018]).
The evidence further established that the 2014 and 2015 incidents occurred while decedent was responding to active emergencies. With regard to the 2014 incident, petitioner offered no testimony or evidence and relied upon the employer's 2014 report, which reflected that, while decedent was responding to a fire alarm call and crossing the street to get supplies, he jumped off a snowbank and "landed hard" on his left foot. During this event, decedent was actively engaged in the performance of his duties as a firefighter. His resulting injury was not caused by a sudden and unexpected event. As such, substantial evidence supports respondent's finding that the incident did not constitute an accident (see Matter of McGoey v DiNapoli, 194 AD3d at 1299; Matter of Cavallo v DiNapoli, 167 AD3d 1303, 1304-1305 [3d Dept 2018]). Finally, regarding the 2015 incident, the testimony of the employer's deputy chief established that decedent strained his shoulder while using a tool to shut off a gas-line valve, as directed by the deputy chief, at a residential fire to which they had been called to assist. The deputy chief recounted that turning off utilities including gas lines to minimize the attendant risks was a routine part of firefighter duties for which decedent received extensive training and carried the necessary tools. As such, decedent was engaged in an activity undertaken in the performance of his ordinary employment duties at the time he sustained injuries and there was no precipitating event that was not a risk of the work performed so as to support classifying this incident as an accident, as respondent correctly held (see Matter of McGoey v DiNapoli, 194 AD3d at 1299; Matter of Sestito v DiNapoli, 161 AD3d 1499, 1500 [3d Dept 2018]). Petitioner's remaining contentions lack merit.
Garry, P.J., Aarons, Pritzker and McShan, JJ., concur.
ADJUDGED that the determination [*3]is confirmed, without costs, and petition dismissed.