Matter of Campbell v Dinapoli (2022 NY Slip Op 05911)

Matter of Campbell v Dinapoli

2022 NY Slip Op 05911

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

534231
[*1]In the Matter of Noreen Campbell, Petitioner,
v
Thomas P. Dinapoli, as State Comptroller, Respondent.

Calendar Date:September 14, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and McShan, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.

Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, an administrative law judge for the Department of Corrections and Community Supervision, sustained injuries when she was leaving a hearing room and was hit on her left leg by a very heavy, self-closing, security door. Following a hearing on petitioner's application for accidental disability retirement benefits, the Hearing Officer denied the application, finding that petitioner did not meet her burden of establishing that the incident constituted an accident within the meaning of Retirement and Social Security Law § 605. Upon administrative appeal, respondent adopted the Hearing Officer's findings of fact and conclusions of law and denied petitioner's application. This CPLR article 78 proceeding ensued.
For the purpose of Retirement and Social Security Law, petitioner bears the burden of establishing that the disability was the result of an accident, which is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018] [internal quotation marks and citations omitted]; accord Matter of Rizzo v DiNapoli, 201 AD3d 1098, 1099 [3d Dept 2022]). "Under this standard, petitioner was required to demonstrate that [her] injuries were caused by a precipitating event that was sudden, unexpected and not a risk inherent in [her] ordinary job duties" (Matter of Crone v DiNapoli, 201 AD3d 1260, 1261 [3d Dept 2022] [citations omitted], lv denied 38 NY3d 910 [2022]; see Matter of Kelly v DiNapoli, 30 NY3d at 678).
Petitioner testified that she and a supervisor were in the hearing room discussing a pending matter when petitioner indicated that she wanted her direct supervisor to be included in the discussion. When petitioner told the supervisor that she would leave the room to get him, the supervisor went to the door and, eventually, opened it for petitioner to leave. Petitioner picked up her things and, expecting the supervisor to hold the door open, walked through the door when she was hit on her left side by the door as she was walking out. Petitioner described the door as a security door, made of metal and very heavy. She testified that she was aware that the hearing room door was self-closing and had to be held open or else it would shut automatically.
In our view, the incident as described by petitioner constitutes an accident. Although petitioner was aware of the hazard posed by the heavy, self-closing door, she reasonably expected that the supervisor, who was holding the door open, would continue to do so as petitioner walked through. Thus, petitioner demonstrated that her injuries were caused by a "sudden [and] unexpected" precipitating event — the supervisor letting go of the heavy, self-closing door while [*2]petitioner walked through it — which was not a risk inherent in her job duties (Matter of Crone v DiNapoli, 201 AD3d at 1261; see Matter of McCambridge v McGuire, 62 NY2d 563, 567-568 [1984]). We find this case distinguishable from this Court's recent decision in which we determined that strong wind blowing shut a heavy, self-closing door and injuring the petitioner did not constitute an accident (see Matter of Rizzo v DiNapoli, 201 AD3d at 1100). It is our opinion that a distinction must be drawn between a naturally occurring event such as wind, that the petitioner in Matter of Rizzo v DiNapoli testified she was aware of, and, in the case at hand, petitioner's reasonable expectation that the supervisor would not release the door until she was safely through. Therefore, we conclude that respondent's determination is not supported by substantial evidence (see Matter of Crone v DiNapoli, 201 AD3d at 1262; Matter of Meyer v New York State Comptroller, 92 AD3d 1122, 1123 [3d Dept 2012]).
Garry, P.J., Lynch, Aarons and McShan, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.