Matter of Bucci v DiNapoli (2022 NY Slip Op 06968)

Matter of Bucci v DiNapoli

2022 NY Slip Op 06968

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

532655
[*1]In the Matter of Alexandra Bucci, Petitioner,
v
Thomas P. DiNapoli, as Comptroller of the State of New York, Respondent.

Calendar Date:November 14, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Schwab and Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for appellant.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for accidental disability retirement benefits and performance of duty disability retirement benefits.
Petitioner, a police officer since 2006, applied for accidental disability retirement benefits and performance of duty disability retirement benefits. The applications were based upon injuries incurred in February 2009 to her left foot, in February 2010 to her left foot and lower back and in June 2012 to her left hip. Initially, the New York State and Local Retirement System denied the applications. Following a hearing, a Hearing Officer upheld the denials finding that the 2009 and 2010 incidents causing left foot and back injuries did not result in petitioner's permanent incapacitation, and that the 2012 incident, which permanently incapacitated petitioner, did not constitute an accident within the meaning of Retirement and Social Security Law § 363 and did not cause her hip condition. Upon further review, respondent affirmed.
To receive performance of duty disability retirement benefits, petitioner "bore the burden of proving that [s]he was 'physically or mentally incapacitated from performance of duty as the natural and proximate result of a disability sustained in such service'" (Matter of Rosario v New York State Comptroller, 178 AD3d 1270, 1270-1271 [3d Dept 2019] [brackets and ellipsis omitted], quoting Retirement and Social Security Law § 363—c [b] [1]). Petitioner testified at the hearing that, while interviewing a victim at a hospital as part of her police officer duties, she went to the restroom and, as she was about to exit, she slipped and fell on an unknown substance and injured her left hip. Petitioner thereafter required three surgeries to her left hip performed by orthopedic surgeons — the first to repair a tear in the labrum, the second to repair a recurrent tear in the left hip labrum, both performed by Thomas Youm, and a third surgery, a periacetabular osteotomy, in which the pelvic bone was cut and remodeled, by Roy Davidovitch. The testimony of Youm and Davidovitch further established that, as a result of prolonged post-surgical recovery periods and use of crutches following her left hip surgeries, in which she relied on her right side to compensate for her left side, petitioner sustained a consequential labral tear to her right hip that also required surgeries to repair the tear and a periacetabular osteotomy. Youm and Davidovitch also testified that petitioner had hip dysplasia, a congenital abnormality which made her more susceptible to labral tears, retears and slower surgical healing.
At the hearing, the Retirement System made numerous concessions, including, as relevant here, that petitioner was permanently incapacitated from the performance of her duties as a police officer as a result of her hip injuries. Respondent now [*2]concedes that it was error to deny petitioner's application for performance of duty disability retirement benefits given that her bilateral hip condition was caused by an in-service incident and left her permanently incapacitated from performing her duties. We agree. The only disputed issue at the hearing with regard to petitioner's application for performance of duty disability retirement benefits based upon the 2012 incident was causation, that is, whether the fall caused her hip disability and permanent incapacitation. Both Youm and Davidovitch, who treated petitioner and performed surgery on her hips, concluded that the fall caused her hip pain, which she did not have prior to that fall, and caused her labral tears and bilateral, permanently disabling hip condition. In denying this application, the Hearing Officer relied upon the report of an orthopedic surgeon who conducted an independent medical exam of petitioner in 2015 [FN1] on behalf of the Retirement System and agreed that she was permanently incapacitated due to her hip condition, which he attributed to her hip dysplasia, concluding that this congenital condition was not caused by her 2012 fall. However, petitioner never claimed that the fall caused her dysplasia but, rather, alleged that the fall caused her labral tears and ensuing bilateral hip disability. That surgeon did not address the cause of the labral tears or their role in petitioner's incapacitation and mischaracterized her hip surgeries as due to her dysplasia rather than the labral tears, as the surgeons who performed the surgeries testified. As such, respondent's denial of petitioner's application for performance of duty disability retirement benefits based upon the conclusion that she did not meet her burden of demonstrating that her hip disability was caused by the 2012 fall is not supported by substantial evidence, and the application should have been granted, as respondent concedes (compare Matter of Rosario v New York State Comptroller, 178 AD3d at 1271).
We further agree with petitioner that the 2012 incident constituted an accident within the meaning of Retirement and Social Security Law § 363, entitling her to accidental disability retirement benefits. "Petitioner's burden was to demonstrate that [her] disability arose out of an accident, which, for purposes of the Retirement and Social Security Law, is defined as a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Berman v DiNapoli, 208 AD3d 1568, 1569 [3d Dept 2022] [internal quotation marks and citations omitted]). "Under this standard, petitioner was required to demonstrate that [her] injuries were caused by a precipitating event that was sudden, unexpected and not a risk inherent in [her] ordinary job duties" (Matter of Crone v DiNapoli, 201 AD3d 1260, 1261 [3d Dept 2022] [citations omitted], lv denied 38 NY3d 910 [2022]). To that end, an event is considered to be unexpected when it is not a risk inherent in the duties [*3]of a police officer (see Matter of Kelly v DiNapoli, 30 NY3d 674, 683-684 [2018]). Petitioner's slip and fall while exiting the bathroom was sudden and unexpected, and the precipitating event was not a risk of the work performed by her, i.e., was not the result of activity undertaken in the performance of her ordinary employment as a police officer (see Matter of Como v New York State Comptroller, 202 AD3d 1427, 1428 [3d Dept 2022]; see also Matter of Gasparino v Bratton, 92 NY2d 836, 838-839 [1998]). Petitioner was not required to demonstrate that the slippery substance was not readily observable (see Matter of Kelly v DiNapoli, 30 NY3d at 685, n 3; Matter of Daquino v DiNapoli, 161 AD3d 1288, 1288-1289 [3d Dept 2018]). The Retirement System conceded at the hearing that the 2012 accident rendered petitioner permanently incapacitated and on appeal respondent — in conceding that petitioner was entitled to performance of duty disability retirement based upon the 2012 incident — necessarily conceded causation, i.e. that the 2012 fall caused her permanent incapacitation.[FN2] Accordingly, respondent's denial of accidental disability retirement benefits must be annulled. In light of this conclusion, we need not address petitioner's remaining contentions.
Garry, P.J., Clark, Pritzker and McShan, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The surgeon was not available to testify or submit further reports at the hearing, and the Retirement System relied on his report and the medical records in evidence.

Footnote 2: Although respondent contends on appeal that the application for accidental disability benefits was properly denied based upon the argument that the 2012 incident did not constitute an accident, respondent did not address causation.