Matter of Bodenmiller v DiNapoli (2023 NY Slip Op 01930)

Matter of Bodenmiller v DiNapoli

2023 NY Slip Op 01930

Decided on April 13, 2023

Appellate Division, Third Department

Pritzker, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

534821

[*1]In the Matter of Robert W. Bodenmiller, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:February 23, 2023

Before: Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

Schaefer Law Group, PC, Smithtown (Wayne J. Schaefer of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.

Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, applied for accidental disability retirement benefits on the ground that he was permanently incapacitated from performing his job duties due to injuries to his neck, right shoulder, right hand and right wrist, resulting from him attempting to avoid falling when he rolled backwards and the chair he was sitting in got caught in a rut in the floor and started to tip over. Petitioner grabbed the desk in front of him to stop himself from falling, which caused him the aforementioned injuries. The application was initially denied on the basis that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Following a hearing, a Hearing Officer upheld the denial upon the same ground and, upon review, respondent affirmed. This CPLR article 78 proceeding ensued.
Petitioner contends that respondent erred in rendering a no accident finding because he utilized the "reasonably anticipated" standard, which, according to petitioner, has been "precluded" by the Court of Appeals holding in Matter of Kelly v DiNapoli (30 NY3d 674 [2018]). The crucial factor in a case involving accidental disability retirement benefits is whether the injury was a result of an accident. An accident is "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (id. at 681 [internal quotation marks and citations omitted]; see Matter of Campbell v DiNapoli, 209 AD3d 1159, 1160 [3d Dept 2022]). "Under this standard, petitioner was required to demonstrate that his injuries were caused by a precipitating event that was sudden, unexpected and not a risk inherent in his ordinary job duties" (Matter of Crone v DiNapoli, 201 AD3d 1260, 1261 [3d Dept 2022] [citation omitted], lv denied 38 NY3d 910 [2022]; see Matter of Stancarone v DiNapoli, 161 AD3d 144, 146-147 [3d Dept 2018]). Indeed, the Court of Appeals has observed that "the dispositive question is whether injury was caused by a precipitating accidental event which was not a risk of the work performed" (Matter of Kelly v DiNapoli, 30 NY3d at 684 [internal quotation marks, ellipsis, emphasis and citations omitted]). Under this framework there are two distinct contexts [FN1] in which these cases arise. The first category involves precipitating events that arise out of a risk inherent in the petitioner's ordinary job duties, i.e., "the work performed" (id.). Precipitating events that fall within this category can never be considered accidents because, by definition, they are not "unexpected" and therefore cannot be the basis for an accidental disability pension (Matter of Kehoe v City of New York, 81 NY2d 815, 817 [1993]; see e.g. Matter of Kowal v DiNapoli, 30 NY3d 1124, 1125 [2018]; Matter of Kelly [*2]v DiNapoli, 30 NY3d at 681-682; Matter of Pratt v Regan, 68 NY2d 746, 747-748 [1986]).[FN2] The second category are precipitating events that do not arise out these inherent risks. Precipitating events that fall into this category may be deemed accidents, but only if they are "unexpected, out of the ordinary, and injurious in impact" (Matter of Bucci v DiNapoli, 211 AD3d 1191, 1194 [3d Dept 2022] [internal quotation marks and citation omitted]; see e.g. Matter of Kenny v DiNapoli, 11 NY3d 873, 874-875 [2008]; Matter of Como v New York State Comptroller, 202 AD3d 1427, 1428 [3d Dept 2022]). The findings in this regard must be supported by substantial evidence (see Matter of Compagnone v DiNapoli, 213 AD3d 7, 8 [3d Dept 2023]).
We turn first to petitioner's argument that respondent erred in determining that his chair tipping over as a result of getting stuck in a rut in the floor is a risk inherent in police work. Significantly, this Court has held that "[f]alling from a desk chair does not constitute a risk inherent in [a police officer's] ordinary job duties" (Matter of Crone v DiNapoli, 201 AD3d at 1262; see also Matter of McCambridge v McGuire, 62 NY2d 563, 568 [1984]; compare Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]). Thus, respondent erred in his inherent risk finding and, accordingly, petitioner's claim falls within the second category. Consequently, we must now consider whether the precipitating event was "unexpected, out of the ordinary, and injurious in impact," constituting a qualifying "accident" (Matter of Bucci v DiNapoli, 211 AD3d at 1194 [internal quotation marks and citations omitted]). This leads us to the following question: when analyzing category two precipitating events — which definitionally occur outside the inherent risks of the job — what is the proper legal standard to determine whether the event is expected (not an accident) or unexpected (an accident)? As this Court has held, the proper standard is whether the petitioner "could or should have reasonably anticipated" the precipitating event (Matter of Stancarone v DiNapoli, 161 AD3d at 149; see Matter of Rizzo v DiNapoli, 201 AD3d 1098, 1099-1100 [3d Dept 2022], affd 39 NY3d 991 [2022]).
The determination of whether a precipitating event is reasonably anticipated is a sui generis inquiry; there are countless factors and scenarios that are present in these cases — it is a vast and inclusive universe of what can be reasonably anticipated. In this regard, contrary to petitioner's contention, this standard does not run afoul of Matter of Kelly v DiNapoli, which cautioned that a petitioner need not "demonstrate that a condition was not readily observable in order to demonstrate an 'accident' " (30 NY3d at 685 n 3). First, Matter of Kelly v DiNapoli involves category one cases, i.e., both the police officer's and firefighter's injuries involved precipitating events that arose out of a risk [*3]inherent in their ordinary job duties (30 NY3d at 684-685). As noted, in category one cases, there can be no accident because the precipitating event is per se reasonably anticipated (see Matter of Kelly v DiNapoli, 30 NY3d at 683). The notion of whether the precipitating event was or was not readily observable or otherwise reasonably anticipated is entirely irrelevant. Further, it is logically consistent that a condition could be readily observable, but the precipitating event itself could still not be reasonably anticipated. Notably, and in step with the cautionary language in the Matter of Kelly v DiNapoli footnote (30 NY3d at 685 n 3), the condition need not be latent for the precipitating event to be an unexpected accident. For example, as is argued here, one could be fully aware of a defect, but reasonably not comprehend its risk in the particular situation. However, within the broad universe of "reasonable anticipation," sometimes the patent nature of the condition and the petitioner's awareness of same can support a determination, by substantial evidence, that the precipitating event was reasonably anticipated (see Matter of Rizzo v DiNapoli, 201 AD3d at 1100).[FN3] As such, here, respondent did not commit an error of law in applying said standard (see CPLR 7803 [3]). Nevertheless, we must still determine if its application and conclusion was supported by substantial evidence.
"It is well settled that substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably — probatively and logically. The standard is not an exacting one; it is less than a preponderance of the evidence and demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Kelly v DiNapoli, 30 NY3d at 684 [internal quotation marks, brackets, ellipsis and citations omitted]). "To deny benefits on the ground that the hazard could have been reasonably anticipated, such a finding must be supported by the record and not rest merely upon speculation. In other words, for an event to be expected, the record must contain specific information from which it could be found that a person in the petitioner's position and location could or should have reasonably anticipated the hazard" (Matter of Stancarone v DiNapoli, 161 AD3d at 149 [internal quotation marks and citations omitted]).
Petitioner testified that he had been assigned to desk duty at the precinct front desk for about four months prior to the incident. According to petitioner, there were two desks to be used by police officers with his assigned duty and that, as a senior officer, he generally chose to work at the desk that was not in the public's view. On the day of the incident, however, petitioner was working at the other desk, a desk that he had worked at a few times during the preceding [*4]months. Petitioner testified that he was seated at the desk and, as he rolled the chair backward to get up out of the chair, one of the wheels of the chair got caught in a hole in the flooring. As the chair started to tip over, he grabbed the desk to avoid falling and injured himself. Petitioner acknowledged that he was aware that the flooring at the front desk was in poor condition and that, both on previous occasions and prior to the incident that day, he had observed that there were two ruts in the flooring right behind the desk. Petitioner also testified that, in his estimation, the ruts were "three inches across, maybe a little more." His testimony also demonstrates that he was aware that the chair he was utilizing that day had wheels and that, when sitting at the desk, those wheels would be in the "general area" of the holes. Given this testimony and the photographs of the floor that were admitted, respondent's finding that petitioner could have reasonably anticipated the hazard — i.e., that the small wheels catching a depression in the floor would cause the chair to tip — was reasonable and supported by substantial evidence, despite other reasonable interpretations. Therefore, the finding that the precipitating event was not unexpected and did not constitute an accident within the meaning of the Retirement and Social Security Law will not be disturbed (see Matter of Kenny v DiNapoli, 11 NY3d at 874-875; Matter of Rizzo v DiNapoli, 201 AD3d at 1100; Matter of Grall v DiNapoli, 196 AD3d 962, 965 [3d Dept 2021]; compare Matter of Crone v DiNapoli, 201 AD3d at 1262-1263).
Aarons, Fisher and McShan, JJ., concur.
Lynch, J.P. (dissenting). I respectfully dissent. The Court of Appeals has explained that "an injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed" (Matter of Kelly v DiNapoli, 30 NY3d 674, 682 [2018]). I fully agree with the majority that the subject incident was not a risk inherent in claimant's ordinary job duties (see Matter of McCambridge v McGuire, 62 NY2d 563, 568 [1984]; Matter of Crone v DiNapoli, 201 AD3d 1260, 1262 [3d Dept 2022], lv denied 38 NY3d 910 [2022]). The question remains whether the incident was "sudden, unexpected."
From the very beginning, the Court of Appeals has instructed that in gauging whether an "accident" occurred, "we adopt the commonsense definition of a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omitted]). The Court has further cautioned that requiring a petitioner to demonstrate that a condition was not readily observable in order to establish an accident is not the standard (see Matter of Kelly v DiNapoli, 30 NY3d at 685 n 3).
In answering the question at hand, the majority has concluded that there is substantial evidence to support [*5]respondent's determination that there was no accident because claimant should have reasonably anticipated the chair wheels would get stuck in the rut, causing the chair to tip over. From my perspective, the "reasonably anticipated" standard is no longer sustainable after Kelly (see Matter of Rizzo v DiNapoli, 39 NY3d 991, 999-1003 [2022] [Wilson, J., dissenting]). In my view, "[w]hether a condition is readily observable or should have reasonably been anticipated are conceptually the same principle, for in each instance the idea is that the petitioner should have been aware of the hazard. Both concepts relate to the foreseeability of the accident" (Matter of Rizzo v DiNapoli, 201 AD3d 1098, 1101 [3d Dept 2022, Lynch, J., dissenting], affd 39 NY3d 991 [2022]). Applied here, the idea would be that claimant could readily observe the ruts and, as such, should have reasonably anticipated the chair wheels would get stuck, causing the chair to tip over. That premise, however, conflicts with the holdings in both Matter of Knight v McGuire (62 NY2d 563 [1984]) and Matter of Gasparino v Bratton (92 NY2d 836 [1998]), where the Court of Appeals found that accidents had occurred when the claimant slipped on wet pavement getting into a patrol car (Matter of Knight v McGuire, 62 NY2d at 567), and when the claimant slipped on water in a bathroom (Matter of Gasparino v Bratton, 92 NY2d at 838-839). Certainly, in each of those situations the slippery nature of the wet surface conditions could have been reasonably anticipated.
The same holds true for the "accident" in McCambridge, when a police officer sitting at another officer's desk stood up and placed his hand on that officer's shoulder to steady himself, but the other officer "unexpectedly moved away from the desk, . . . causing petitioner to lose his balance and fall to the floor" (Matter of McCambridge v McGuire, 62 NY2d at 567). Just as the officer in McCambridge did not expect the officer standing right next to him to move, claimant here did not expect the chair to tip over.
In affirming Rizzo, the Court declined to "address our dissenting colleague's assertion that the Appellate Division majority applied a legal standard contrary to our precedent when that court 'resort[ed] to a reasonably anticipated doctrine' " (Matter of Rizzo v DiNapoli, 39 NY3d at 992, quoting id. at 999 [Wilson, J., dissenting]). Instead, the Court reasoned that there was no accident because the claimant "knew that the heavy metal door slammed automatically and . . . her movements were intended to avoid that quick and forceful closure" (Matter of Rizzo v DiNapoli, 39 NY3d at 992 [emphasis added]). In other words, the Court invoked an actual knowledge standard that comports more with the commonsense definition of an accident adopted in Lichtenstein.
Here, the record demonstrates that the two ruts in the floor were readily observable and claimant was aware of the defects. He described the rut in which the chair wheel got stuck as [*6]"three inches across, maybe a little more," but was unable to describe the depth. He sat at the same desk only 2 or 3 times during the five months he worked at the precinct and was unaware of any prior accidents involving the chair in that work area. The operative point here is that claimant knew about the defects in the floor but not that the chair would get stuck and go over backwards. That the chair did so was the type of sudden, unexpected event that should as a matter of commonsense be deemed an accident, as defined in Lichtenstein decades ago. Since respondent's contrary determination is premised on the wrong standard, it should be reversed and the petition granted.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Characterization of cases under these two distinct contexts simplifies analysis and is not offered as a "proposal for a two-part test" (Matter of Rizzo v DiNapoli, 39 NY3d 991, 993 [2022]; compare Matter of Kelly v DiNapoli, 30 NY3d at 686-687 [Wilson, J., dissenting]).
Footnote 2: As the Court of Appeals has observed, this distinction can lead to anomalous and perhaps unfair results, such as firefighters and police officers being denied the higher rate disability pension despite engaging in heroic actions within the scope of their duties (see Matter of Kelly v DiNapoli, 30 NY3d at 681 n 1).

Footnote 3: The calculus used in determining whether a precipitating event was reasonably anticipated is no different, yet perhaps more nuanced, than the legal determination that category one claims are per se reasonably anticipated and therefore not accidents.