Matter of Tully v Gardener (2023 NY Slip Op 06429)

Matter of Tully v Gardener

2023 NY Slip Op 06429

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

CV-23-0551
[*1]In the Matter of Brian Tully, Petitioner,
v
Colleen C. Gardener, as Executive Deputy Comptroller, et al., Respondents.

Calendar Date:November 13, 2023

Before:Lynch, J.P., Clark, Ceresia, Fisher and Mackey, JJ.

John F. Clennan, Ronkonkoma, for petitioner.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondents.

Lynch, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Executive Deputy Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, filed an application for accidental disability retirement benefits stemming from an injury that he sustained while responding to an emergency in October 2019. His application was denied upon the basis that the incident giving rise to his injuries did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing, a Hearing Officer upheld the denial upon the same reasoning, and respondent Executive Deputy Comptroller subsequently adopted the Hearing Officer's decision. Petitioner thereafter commenced this CPLR article 78 proceeding.
We confirm. It was petitioner's burden to "demonstrat[e] that his disability arose out of an accident as defined by the Retirement and Social Security Law, and respondent's determination in that regard will be upheld if supported by substantial evidence" (Matter of Karst v DiNapoli, 167 AD3d 1215, 1216 [3d Dept 2018]; see Matter of Little v DiNapoli, 85 AD3d 1273, 1274 [3d Dept 2011]). An accident, for purposes of the Retirement and Social Security Law, is defined as a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018] [internal quotation marks and citations omitted]; see Matter of Berman v DiNapoli, 208 AD3d 1568, 1569 [3d Dept 2022]). "An injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (Matter of Compagnone v DiNapoli, 213 AD3d 7, 8 [3d Dept 2023] [internal quotation marks, brackets and citations omitted], appeal dismissed 40 NY3d 949 [2023]; see Matter of Bodenmiller v DiNapoli, 215 AD3d 96, 98 [3d Dept 2023]).
Petitioner testified that, on the day of the incident, he and another officer responded to an emergency in which a reportedly suicidal woman had locked herself in her bedroom. After the woman refused to unlock the door or exit the bedroom, petitioner attempted to "kick in the interior door" and sustained injuries when he "felt a pop" in his leg and knee. Petitioner explained that he had previously executed similar maneuvers and acknowledged that he was acting "in the course of [his] duties." The other responding officer similarly testified that petitioner's actions were within the duties of a police officer and, further, that he had observed petitioner kick down doors in the past. Moreover, the record contains a written description of petitioner's job duties, reflecting that he was required to "perform rescue operations" and "be able to force entrance through barriers." Neither petitioner nor the other [*2]officer observed any defect in the door at issue, and no evidence was submitted to support petitioner's speculation that the door may have blocked. In view of the foregoing, substantial evidence supports the determination denying petitioner's application for accidental disability retirement benefits, as petitioner's injuries occurred in the performance of his ordinary employment duties as a police officer and there was no precipitating event that was not a risk of the work performed (see Matter of Berman v DiNapoli, 208 AD3d at 1569-1570; Matter of Karst v DiNapoli, 167 AD3d at 1216).
Clark, Ceresia, Fisher and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.