Matter of Buonora v Gardner (2025 NY Slip Op 00708)

Matter of Buonora v Gardner

2025 NY Slip Op 00708

Decided on February 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 6, 2025

CV-24-0884
[*1]In the Matter of Derek Buonora, Petitioner,
v
Colleen C. Gardner, as Executive Deputy Comptroller, Respondent.

Calendar Date:January 13, 2025

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and Mackey, JJ.

John F. Clennan, Ronkonkoma, for petitioner.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.

Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, tested positive for COVID-19 in December 2021. After developing cardiac myopathy as a result of COVID-19, petitioner applied for accidental disability retirement benefits, alleging that he had contracted COVID-19 during his employment. The application was initially denied on the basis that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Following a hearing, a Hearing Officer upheld the denial upon the same basis, and, upon review, respondent affirmed. This CPLR article 78 proceeding ensued.
It is well settled that, in seeking accidental disability retirement benefits, petitioner bore the burden of demonstrating that his disability was the result of an accident within the meaning of the Retirement and Social Security Law, and respondent's determination in this regard will be upheld if it is supported by substantial evidence (see Matter of Buddenhagen v DiNapoli, 224 AD3d 1061, 1062 [3d Dept 2024]; Matter of Tully v Gardener, 222 AD3d 1163, 1164 [3d Dept 2023], lv denied 41 NY3d 910 [2024]). To this end, an accident is defined as a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]). Accordingly, "an injury that results from the performance of ordinary employment duties and is a risk inherent in such job duties is not considered accidental" (Matter of Cazzari v DiNapoli, 224 AD3d 1075, 1076 [3d Dept 2024] [internal quotation marks and citations omitted], lv dismissed 42 NY3d 1044 [2024]; see Matter of Kelly v DiNapoli, 30 NY3d 674, 684 [2018]).
Petitioner testified that he worked as an officer assigned to the patrol division and that, in that capacity, his duties required him to respond to emergency calls and directly engage with members of the public and interact with his coworkers. Petitioner asserted that five coworkers with whom he frequently interacted had also tested positive for COVID-19 around the time that his symptoms began, however, it was unclear who contracted the virus first and he was unable to identify a specific interaction resulting in his own illness; instead, petitioner explained that he predominantly adhered to COVID-19 safety protocols when near his coworkers. As to his activities outside of work, petitioner stated that he saw family "minimally" and only sometimes went to the grocery store, and that he wore a mask while doing so. Petitioner testified that his wife also tested positive for COVID-19, although she tested only after he became ill. In view of the foregoing, substantial evidence supports the conclusion that petitioner failed to demonstrate that he contracted [*2]COVID-19 during the performance of his work duties and that, even so, interacting with potentially contagious individuals was a risk inherent in the performance of those duties (see generally Matter of Kelly v DiNapoli, 30 NY3d at 686; Matter of Cohen v DiNapoli, 78 AD3d 1463, 1464 [3d Dept 2010]; Matter of Di Benedetto v Regan, 196 AD2d 946, 946 [3d Dept 1993]). Accordingly, we find no basis to disturb the determination denying petitioner's application for accidental disability retirement benefits.
Egan Jr., J.P., Clark, Fisher and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.